**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| THE NAVAJO NATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br>　　　　　Federal Defendants,<br>　　　and<br><br>PUEBLO OF ACOMA and PUEBLO OF LAGUNA,<br>　　　　　Defendant-Intervenors. | Case No. 1:25-cv-00055-JMC-GBW |

**FEDERAL DEFENDANTS' RESPONSE TO**

**PLAINTIFF'S JANUARY 17, 2025 "COMPLAINT," ECF NO. 1**

Federal Defendants hereby respond to Plaintiff's January 17, 2025 "Complaint," ECF No. 1, as follows:

Plaintiff's "Complaint" challenges former Secretary of the Interior Debra Haaland's June 7, 2023 "Public Land Order No. 7923 for Public Lands Withdrawal Surrounding Chaco Culture National Historical Park Boundary; San Juan, Sandoval, and McKinley Counties, New Mexico," ECF No. 1 ¶ 10, which withdraws public lands surrounding Chaco Canyon National Historical Park from location and entry under the United States mining laws and from leasing under the mineral leasing laws, but not the mineral materials laws, subject to valid existing rights. *See* 88 Fed. Reg. 37266-01, 37266 (Jun. 7, 2023). Plaintiff alleges that it brings its action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, the National Environmental

Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the Federal Land Policy and Management

Act ("FLPMA"), § 1714.  Complaint, ECF No. 1 ¶ 13.

Because NEPA and FLPMA do not provide for private rights of action against Federal

Defendants, the claims presented in Plaintiff's "Complaint" are cognizable, if at all, only

pursuant to the judicial review provisions of the APA, 5 U.S.C. §§ 701-706.  *See, e.g.*, *Wyoming*

*v. U.S. Dep't of Agric.*, 661 F.3d 1209, 1226 (10th Cir. 2011) (stating that because NEPA does

not provide a private right of action, the court reviews the agency's decision as final agency

action under the APA); *State of Utah v. Babbitt*, 137 F.3d 1193, 1203 (10th Cir. 1998) ("Because

neither FLPMA nor NEPA provide for a private right of action, Plaintiffs rely on the judicial

review provisions of the APA in bringing their claims.") (internal footnote omitted).  "The APA

describes the exclusive mechanism—unless another mechanism is specifically provided by

statute—by which the federal district courts may review the actions of federal administrative

agencies." *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1221

(D.N.M. 2014).  Plaintiff's "Complaint" at least tacitly recognizes this restriction on judicial

review of their claims.  *See* "Complaint," ECF No. 1 ¶ 21.

In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth

Circuit held that challenges to federal agency actions pursuant to the judicial review provisions

of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court.  In addition to its
> *nisi prius* functions, it must sometimes act as an appellate court.
> Reviews of agency action in the district courts must be processed
> *as appeals*.  In such circumstances the district court should govern
> itself by referring to the Federal Rules of Appellate Procedure.

*Olenhouse*, 42 F.3d at 1580; *see also WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d

1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as

appeals and governed by reference to the Federal Rules of Appellate Procedure.").  APA cases do not require initial disclosures, involve other pre-trial procedures, or, for that matter, a trial, and typically do not involve discovery.  *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(B)(i).

In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice."  *Olenhouse*, 42 F.3d at 1579 (emphasis added); *see also N. New Mexicans Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in *Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, [but] is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision." (citing *Olenhouse*, 42 F.3d at 1579)).

The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action in federal district court.  Therefore, Plaintiff's "Complaint" for initiating this litigation is appropriately treated as a "Petition for Review," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable in this regard.  *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.  *See* [*Olenhouse*, 42 F.3d at 1579–80].  On October 22, 2007, Forest Guardians filed an opening brief on the merits of its petition for review, arguing that it was entitled to judgment on all of its

claims."); *San Diego Cattlemen's Cooperative Ass'n v. Vilsack*, No. 1:14-cv-00818-RB/WPL, 2015 WL 12866452 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring Federal Defendants to file an "Answer" to a "Complaint" in APA case); *Day v. Nat. Res. Conservation Serv.*, No. 1:15-CV-01044-JCH-KRS, 2018 WL 6047414, at *5 (D.N.M. Nov. 19, 2018) ("Because the Agency is correct that reviews of agency action must be treated as appeals, the Court will interpret Day's complaint as a 'Petition for Agency Review' and his Brief in Chief as being a memorandum in support of that petition.").

Federal Defendants deny Plaintiff's NEPA claims and deny that Plaintiff is entitled to the relief sought. Additionally, Executive Order No. 14154, "Unleashing American Energy," directs Federal Defendants to review actions that potentially burden the development of Domestic Energy Resources, and Secretary's Order 3418, also titled "Unleashing American Energy" directs a review of withdrawn public lands, which may include the Public Lands Withdrawal challenged in this case. In light of the Executive Order and Secretary's Order, Federal Defendants have initiated consultation on potentially revisiting the challenged Withdrawal with Pueblo and Tribal interests, and will also discuss a potential stay with the Parties. Should this case not be stayed, and in accordance with *Olenhouse*, the Parties should work to agree on a schedule for producing the Administrative Record for the agency's action and for briefing the merits of Plaintiff's challenge to that action. *See WildEarth Guardians*, 668 F. Supp. 2d at 1323 (noting that the case was resolved on the merits based on briefing that "is consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order).

Respectfully submitted this 30th day of May, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

Environment & Natural Resources Division
United States Department of Justice

    /s/ Andrew A. Smith                      .
ANDREW A. SMITH (NM Bar No. 8341)
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Phone: (505) 224 1468
andrew.smith@usdoj.gov

*Counsel for Federal Defendants*